## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:06-CV-P57-M

**RALPH FRANKLIN**                                                                **PLAINTIFF**

**v.**

**JOHN D. REES** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons explained below, the Court will dismiss Plaintiff's complaint.

### I. Summary of Claims

Plaintiff, a former inmate at the Green River Correctional Complex, has sued the following Defendants in both their official and individual capacities: (1) Commissioner John D. Rees, (2) Warden Patti Webb, (3) Deputy Warden Harold Redford, (4) Food Services Manager Judy Higgs, (5) General Counsel Stephen P. Durham, (6) General Counsel Jack Damron, (7) State Dietician Susan Williams, (8) Aramark Corporation, (9) Aramark Food Services Manager Carolyn Mangon, (10) Aramark Food Services Manager Frank Sancho, (11) Aramark State Dietician Ms. Gittian, and (12) Governor Ernie Fletcher. Plaintiff, who has subsequently been released from state custody, alleges that during his period of incarceration at the Green River Correction Complex, Defendants violated his right to exercise his religion, sikhism.[1] Plaintiff is seeking five million dollars in compensatory damages and injunctive relief.

---

[1] "Sikhism is a religion that began in sixteenth century Northern India . . . Sikhism is the fifth-largest organized religion in the world. . . . Worldwide, Sikhs number more than 23 million, but more than 90 percent of Sikhs live in the Indian state of Punjab, where they form close to 65 percent of the population." http://en.wikipedia.org/wiki/Sikhism

The body of Plaintiff's complaint does not specifically describe how Defendants have violated Plaintiff's right to practice his religion, and the grievances Plaintiff attached to his complaint provide little clarification. One of the grievances states that Plaintiff's allegations "are fully stated in the following grievances [list of grievance numbers] . . ."; however, none of those grievances are attached to the complaint. The most the Court is able to gather from the complaint and its exhibits is that prison officials somehow did not meet the dietary restrictions of Plaintiff's religion in a nutritionally adequate manner and did not maintain the scriptures necessary for the practice of sikhism in the prison chapel.

## II. Standard of Review

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  Analysis

**A.  Exhaustion**

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. § 1997e; *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1988). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. *See Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. *Id.*

Plaintiff previously filed a nearly identical lawsuit, *Franklin v. Rees, et al.*, No. 4:05-cv-00067-JHM, which was dismissed by this Court without prejudice because Plaintiff

3

failed to satisfy the PLRA's exhaustion requirement as his many grievances did not specifically name any of the individuals that he named as defendants in that complaint. In an apparent effort to correct the shortcomings of his prior complaint, Plaintiff filed grievance number 05-11-05. While this grievance contains the names of the individual Defendants, it does not describe the factual basis of Plaintiff's claims against each individual Defendant. Rather, Plaintiff states in conclusory terms that these Defendants "have all committed actions and/or inactions to restrict my practice of my religion. These actions and/or inactions are deliberate indifference to my right to freedom of religion; equal protection; and to be free from cruel and unusual punishment all of which has worked to conspire to violate my civil rights." While the grievance does name each Defendant, it does not describe how each Defendant allegedly violated Plaintiff's rights.

Section 1997e(a) does not say how specific a prisoner's administrative grievances must be. The Sixth Circuit has held that "in describing the alleged mistreatment . . . it is sufficient for a court to find that a prisoner's . . . [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

Here, the Court cannot find that Plaintiff's grievance gave prison officials any real indication of Plaintiff's claims against the individually named Defendants. Obviously, with such a wide array of Defendants, it is impossible that each Defendant acted in an identical manner in frustrating Plaintiff's ability to practice his religion. While a grievance does not have to contain every fact or allegation necessary to state a legal cause of action, it should provide more detail

than a generic and conclusory statement that numerous prison and state officials collectively violated Plaintiff's constitutional rights. *Burton*, 321 F.3d at 575. Plaintiff did not properly exhaust his administrative remedies with respect to each individually named Defendant prior to filing suit requiring the Court to dismiss all of his claims on initial review.[2] *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Despite Plaintiff's failure to exhaust available administrative remedies, this Court may nevertheless dismiss the underlying claim with prejudice "without first requiring the exhaustion of administrative remedies" if the "claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2). As explained below, several of Plaintiff's claims fail to state a claim, and therefore, are also subject to dismissal on the merits with prejudice.

**B.      Injunctive relief claim**

On June 15, 2006, Plaintiff notified the Court that he had been released from custody (DN 5). Because Plaintiff is no longer incarcerated at the Green River Correctional Complex, his claim for injunctive relief is moot. *Lamb v. Bumpus*, 52 Fed. Appx. 740, 741 (6th Cir. 2002) ("Finally, it is noted that plaintiff's claims for injunctive relief are moot because plaintiff is no longer an inmate in the Henry County Jail."). Thus, the Court will dismiss Plaintiff's injunctive relief claim with prejudice.

**C.      42 U.S.C. § 1983 Official Capacity Money Damages Claims**

Plaintiff sues Defendants in both their official and individual capacities. Pleading official

---

[2]The exhaustion requirement applies even though Plaintiff was released from custody after filing this lawsuit. *See Cox v. Mayer*, 332 F.3d 422, 427 (6th Cir. 2003).

capacity is another way of pleading suit against the entity of which a defendant is an agent, official, or employee. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because these Defendants are employees of the State, Plaintiff's official capacity claims are actually claims against the Commonwealth of Kentucky.

States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, under the Eleventh Amendment to the United States Constitution, this Court is deprived of jurisdiction over claims asserted directly against the Commonwealth. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Accordingly, the Court must dismiss Plaintiff's 42 U.S.C. § 1983 official capacity money damages claims against these Defendants with prejudice.

### IV. Conclusion

In conclusion, on initial review the Court will dismiss Plaintiff's injunctive relief and 42 U.S.C. § 1983 official capacity money damages claims against the Defendants with prejudice. The Court will dismiss the remainder of Plaintiff's claims without prejudice for failure to exhaust.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Justice & Public Safety Cabinet, Office of Legal Services, 125 Holmes St., Frankfort, KY
4414.008